### HERRICK *against* BLAIR AND BLAIR.

*July* 26th.

Arbitrators, after a witness had been sworn and examined, and they were left alone to deliberate on their award, called the witness again, and, without the knowledge or presence of the parties, examined him as " to matters material to the controversy, on which he had before given testimony, but about which the arbitrators differed as to what the witness did testify on the former hearing." An injunction to stay a suit at law, on the arbitration bond, for the non-performance of the award, was refused.

Awards cannot be impeached, or set aside, unless for corruption, partiality, or gross misbehaviour in the arbitrators, or for some palpable mistake of the law or the fact.

THE bill stated, that, on the 31st of *March* last, the parties to the bill submitted their matters in difference, relative to a lease of five acres of land, at *Greenbush*, from the plaintiff to the defendants, for five years, &c. to three arbitrators, and entered into arbitration bonds accordingly ; that the arbitrators met, and heard the parties and their proofs ; and after the arbitrators were left alone to deliberate, they called before them a witness who had been already sworn and examined ; and, without the knowledge, or consent, or presence of the parties, examined the witness " to matters material to the controversy, of which he had given testimony before, and about which the arbitrators differed, *as to what he testified on the former hearing.*" That the award was in favour of the defendants, and awarded the plaintiff to pay to them 100 dollars, which he had refused to do ; and had been sued at law on the arbitration bond. The plaintiff prayed for an injunction to stay the suit at law, and for general relief.

*Champlin,* for the plaintiff, moved for the injunction, and cited 6 *Ves.* 70.

THE CHANCELLOR. There was nothing done, in this case, by the arbitrators, from which *misconduct* can be infer-

red. They only called a witness before them, who had been already examined in the presence of the parties, to *explain* his testimony concerning which the arbitrators differed. It is not alleged, nor is it to be inferred, that the witness deposed differently, as to any fact, from what he meant to have testified, and to have been understood, on the first examination. The case does not come up to that of *Walker* v. *Frobisher*, (6 *Ves.* 70.,) for there the arbitrator, after he had told the parties that the hearing was closed, and had dismissed them, examined three more persons on the part of the defendant, and when no person was present on the part of the plaintiff. This was unfair, partial, and a gross misconduct, and contrary to all the principles of a just proceeding. There is no analogy between that case and this; and to interfere and set aside the award upon an irregularity, (even admitting it to be one,) so slight and immaterial as the one now set up, would be contrary to the general doctrine of the court in respect to awards. The uniform language of the cases is, that an award cannot be impeached but for corruption, partiality, or gross misbehaviour, in the arbitrators, or for some palpable mistake of the law or the fact. The arbitrators are judges of the parties' own choosing; their proceedings and award are treated with great liberality, and even a mistake upon a doubtful point, often will not open an award. These principles have been declared and asserted in a series of decisions, all going to the same point, and containing a weight of authority not to be resisted. (*Earle* v. *Stocker*, 2 *Vern.* 251. and *Pitt* v. *Dawkra*, cited, *ibid. Cornforth* v. *Geer*, 2 *Vern.* 705. *Ives* v. *Medcalfe*, 1 *Atk.* 63. *Ridoul* v. *Pain*, 3 *Atk.* 486. *Tittenson* v. *Peal*, 3 *Atk.* 529. *Anon.* 3 *Atk.* 644. *Hawkins* v. *Colclough*, 1 *Burr.* 274. *Knox* v. *Symmonds*, 1 *Ves.* jun. 369. *Morgan* v. *Mather*, 2 *Ves.* jun. 22. *Chace* v. *Westmore*, 13 *East*, 357.)

The injunction is, accordingly, denied.