1817.

Todd
v.
Barlow.

Todd *against* Barlow.

Where there is no charge of corruption or misconduct in arbitrators, and their award, on the face of it, is final, nothing *dehors* the award can be pleaded, or given in evidence, to invalidate it.

An award will not be opened or set aside, on the allegation of the discovery of a receipt which had been lost or mislaid, so that it could not be produced before the arbitrators to show a payment, unless under very special circumstances, and satisfactory proof of all due efforts to discover the receipt before the hearing, or to supply its loss, and of its discovery since the award. If there is no charge or corruption, partiality, or undue practice in the arbitrators, an award will not be set aside, however unreasonable or unjust it may be.

*September* 30th.  BILL for a discovery and account, and for an injunction to restrain the defendant from proceeding at law on an award, &c. The grounds stated, were, 1. That the award was not *final*, because the arbitrators, at the time of executing their award, reserved the question as to a certain note of 375 dollars and 40 cents, and refused to make up their award, unless the defendant agreed that in case the plaintiff, in 90 days, should produce proof to the arbitrators of the payment of the note to *W. B.*, deceased, in his lifetime, and had applied it to his own use, he would deduct the same from the amount of the award, &c.

2. That the award was partial and unjust, &c.

3. That the plaintiff was not able to prove, before the arbitrators, a payment of 910 dollars, because a *receipt* for the same was accidentally lost or mislaid, and could not then be found, and was not exhibited to the arbitrators.

[ * 552 ]    *Pendleton*, for the plaintiff.

Baldwin, contra.

The Chancellor. Neither of the grounds taken by the plaintiff's counsel upon the argument are sufficient to entitle him to relief against the award.

1. There is no charge of corruption, partiality, or undue practice in the arbitrators. But it is alleged that the award is not final, inasmuch as one of the arbitrators states, in his testimony, " that the arbitrators did make their award, upon the matters submitted to them, absolute, reserving for their future determination a question relating to a certain note made by *Allen & Howard;*" and inasmuch as *Barlow*, one of the defendants, on the day of the date of the award,

428

gave the plaintiff a certificate, that he might, within ninety days, produce satisfactory proof to the arbitrators, that 375 dollars, 40 cents were paid to *William Barlow*, deceased, and applied to his own use, on a note of *Allen & Howard*, and that on a certificate of the arbitrators that such proof had been furnished, he would allow it on the award.

The arbitrators never gave any such certificate, and such satisfactory proof was never furnished. The assertion, that it had been furnished, though made in the bill, is denied in the answers, and unsupported by proof. But the award itself, under the hands and seals of all the arbitrators, and bearing date on the 20th of *March*, 1807, contains no such reservation; and any understanding of that kind, *dehors* the award, is inadmissible evidence, and cannot be set up against it. This was the very point decided in the Supreme Court in this same case, and I consider that decision as conclusive upon the point. (*Barlow* v. *Todd*, 3 *Johns. Rep.* 367.)

2. The merits of the award cannot be re-investigated, on the ground that it was contrary to the weight of evidence. *There would be no end of litigation, if the accounts of parties were to be re-examined in this Court, on the suggestion of mistakes: it will be sufficient for me to refer to the case of *Underhill* v. *Van Cortlandt*,† in which this question has been fully examined. But the bill alleges the discovery of a receipt of *William Barlow*, since the award, for 210 dollars, 26 cents, bearing date the 9th of *June*, 1804. There is proof that the name of *William Barlow*, subscribed to that receipt, is of his hand-writing, but there is no proof of the time and circumstances attending the loss or the discovery; and it is an opinion to which I incline, that no verdict, judgment, award, or decree, ought to be set aside, and the controversy opened afresh, without something more than the mere simple allegation of a discovery and production of a receipt. In *Marriot* v. *Hampton*, (7 *Term Rep.* 269.) the Court of K. B. would not sustain an action for money had and received, on the ground of a discovery, since the trial, of a receipt for the payment of the very demand recovered at law. The Court considered that such a precedent would be mischievous, by encouraging negligence in preparing for trial, and by perpetuating litigation. The principle of that decision, though hard in its application, is founded in sound policy, and is best calculated to secure the peace and promote the interest and happiness of society. But if this rule be susceptible, in certain cases, of relaxation, and there are *dicta* to this effect, referred to in *Smith* v. *Lowry*, (1 *Johns. Ch. Rep.* 320.) yet the plaintiff, to entitle himself to any indulgence, ought, at least, to furnish very satisfactory proof of efforts made before

1817.

TODD
v.
BARLOW.

[ * 553 ]

† *Ante*, p. 33.

1817.

TODD
v.
BARLOW.

the hearing, to discover the receipt, or to supply its loss, and of the clear and certain fact of its discovery since. He ought not to rest, as he does here, upon his own assertion, without any proof of loss, search, or discovery, except what arises from the non-production of the paper before the arbitrators, and of its production now.

[ * 554 ]

*The receipt refers to no particular transaction: it is a naked receipt for so much money, and we have no other proof concerning it, than that of the hand-writing of the name of *William Barlow* subscribed. The counsel for the defendants insists, that it appears, from the inspection of the paper itself, that it originally bore date in 1801, which was prior to the accounts in controversy. I do not attach importance to this suggestion, though the appearance of the receipt might have some influence upon the judgment, if the case rested in mere discretion. But I proceed upon the general principle, and the want of special circumstances to take this case out of it. It does not appear by the bill, that the plaintiff even claimed payment before the arbitrators, of the moneys mentioned in the receipt. He says, *he did not recollect that he had such a receipt.* Surely an award is not to be opened, to help such carelessness in preparation, such forgetfulness of one's own rights!

I am, accordingly, of opinion, that the injunction, staying the suit at law, be dissolved, and the bill dismissed, with costs.
430