I think the conviction of the defendant was void, and does not authorize his detention in custody.

---

## SUPREME COURT.

### VINE GROSVENOR agt. WILLIAM HUNT.

Where a judgment was recovered in an action in this court for slander, from which judgment the defendant appealed to the general term, and afterwards the parties, by an agreement in writing, and mutual bonds of submission, setting forth the pendency of the action, the trial thereof, and the appeal, submitted the *action* to the decision of certain persons named as arbitrators,— *held*, that all the legal proceedings were discontinued and ended by the submission, and the judgment could no longer be proceeded upon.

The defendant having revoked the submission, and a motion being made for an attachment against the sheriff for not returning an execution on the judgment, pursuant to a notice served on him,—*held*, that the sheriff could not avail himself of the submission as an answer to the motion; that the execution was not void, but only voidable, and that the right to avoid it was personal to the defendant, whose remedy was by motion to set aside the execution, or for a perpetual stay of proceedings.

*Monroe Special Term,* October, 1854.

MOTION by the plaintiff for an attachment against the sheriff of Monroe county for not returning an execution.

The plaintiff recovered a judgment against the defendant in an action for slander, and issued an execution on the judgment. The defendant then appealed from the judgment to the general term ; after which the parties, by an agreement in writing, and mutual bonds of submission, setting forth the pendency of the action, the judgment, and the appeal, submitted the action to the determination of certain persons named as arbitrators.    On the parties appearing before the arbitrators, who had assembled for the purpose of the hearing, the defendant revoked the submission.    The plaintiff then served a notice upon the sheriff to return the execution, which has not been complied with, and an attachment against him is now applied for.

    E. GRIFFIN, *for plaintiff.*
    BENEDICT & MARTINDALE, *for sheriff and defendant.*

T. R. STRONG, Justice.    The general doctrine, that a mere submission to arbitration of an action depending in court, without any provision that judgment may be entered on the award, is a discontinuance of the action, is well settled. (*Ressequie* agt. *Brownson,* 4 *Barb.* 541, *and cases there cited.*)    The ground upon which the doctrine rests is, that the parties have selected another tribunal—one of their own creation, to settle the controversy.    (*Same cases.*)

It is conceded by the counsel on this motion, on both sides, that the submission between the parties, referred to in the papers, was a discontinuance of the appeal therein mentioned; and that is undoubtedly correct.    But the defendant's counsel insists that it was also a discontinuance of all legal proceedings between the parties from the commencement, and operated to set aside the judgment.    On the part of the plaintiff it is contended that the appeal only was discontinued.    The submission consists of an agreement of submission, and also of mutual bonds of submission.    The agreement recites that " a controversy is now existing and pending in the supreme court," &c., in relation to slander, which action has once been tried, and a verdict and judgment rendered therein in favor of the plaintiff; that

the defendant has appealed to the general term; and then states that the parties do submit the controversy to the persons named as arbitrators, and agree to abide by the award, provided it be made, &c., by a specified time. The bonds are conditioned, that the obligor shall submit to the award of three persons named, selected as arbitrators to arbitrate "of and concerning an action of slander," &c., "which cause is now appealed to the general term," &c. It is apparent from the language used in these papers, that it was the intention of the parties to submit the subject matter of the action for the slander, and the action itself, including the appeal; the whole controversy between them from the commencement. The judgment was not to conclude, or have any effect, in regard to the merits of the controversy, but the arbitrators were to take up the matter from the beginning. No doubt, it appears to me, can exist in regard to this. It would be absurd to suppose, in view of the terms employed, that the parties designed the judgment should retain the ordinary conclusive force of a judgment, and that the arbitrators were to be limited to the questions upon the appeal. And if the construction I have given to the agreement be the true one, it would seem to follow that all the legal proceedings which had been taken were discontinued and ended, and deprived of force by the submission, as well as any part of them. I do not perceive any principle upon which a distinction can be made between any portions of them.

In *Van Slyke* agt. *Lattice*, (6 *Hill*, 610,) after an appeal to the common pleas had been taken from a judgment in a justice's court, the parties submitted "the matters at issue between them in the suit pending in the common pleas" to arbitrators; and it was agreed between them as follows: "all future proceedings in said suit at law are to be hereby stayed and ended, and the award or determination of the said arbitrators in the said matter is to be final." The arbitrators did not agree upon an award—an action was brought in the common pleas upon the judgment before the justice, and the submission was set up as a bar; but the plaintiff recovered, and the defendant brought a writ of error. The court say, at the conclusion of the opinion

in the case, " These parties intended to blot out and end the *suit at law*, from its commencement before the justice to its termination in the common pleas, by the substituted arrangement to arbitrate;" and the judgment below was reversed. It is true, the court in that case place much stress upon the *express* agreement, that proceedings in the suit should be ended. But it is in distinguishing the case from a former one (*Miller* agt. *Van Auken*, 1 *Wend.* 516) similar to it, with the exception that in the latter there was, beyond a submission of the cause, a clause in the bonds, that the appeal to the court of common pleas should be, and was thereby discontinued, without saying anything about a discontinuance of the proceedings before the justice. In that case it was held the justice's judgment remained in force. I understand the decisions in both cases to be controlled by the intention of the parties, as manifested by their agreement. In the former it was palpable they intended all the legal proceedings should be at an end; in the latter, by expressing that the *appeal* was to be terminated, it might be inferred they intended the proceedings before the justice should be suspended merely, and that the judgment might be enforced if no award should be made.

In the present case it is as clear, from the submission, that it was intended the proceedings in the action, including the judgment as well as the appeal, should be ended, as if the parties had said so in express terms. The legal proceedings from the first were to be blotted out. Another tribunal was selected for the entire controversy. The doctrine that a submission works a discontinuance of an action, does not depend upon an express agreement that the action shall cease: such an agreement is implied in all cases, from the selection of another mode of adjustment and settlement of the litigation.

The bonds of submission in this case express that the action is submitted. Under the general doctrine referred to, the action is discontinued. The *action* embraces all the legal proceedings. An appeal is but a step taken in the action. (*Brockway* agt. *Jewett*, 16 *Barb.* 593, *and the cases there cited.*)

There is an apparent injustice in allowing the defendant thus

to avoid the judgment against him; but the right of revocation was an incident to the submission, which it belonged to the parties to consider on entering into the submission.　The plaintiff might have revoked, and, if the judgment was not ended by the submission, have thereby deprived the defendant of his right to appeal, after the time to appeal had expired, and gone on and enforced his judgment.　That apparently would have been gross injustice.　In both cases, however, the injustice is only apparent; each party has an ample remedy on his bond, and by occupying his original position in respect to the cause of action.

The question considered having been discussed on the argument, and subsequently examined by me, I have thought proper to express my views in relation to it, although I have come to the conclusion upon another point, that the motion must be granted.

The sheriff cannot avail himself of the submission to arbitration, as an answer to proceedings to compel a return of the execution.　The execution is not, by reason of the submission, void; it is only voidable; and the right to avoid it is personal to the defendant.　His remedy is by motion to set aside, or for a perpetual stay of proceedings on the execution.　Upon such a motion, the plaintiff can present such facts as he thinks proper and pertinent in resisting it; he was not called upon in this proceeding to anticipate, and be prepared to meet such an objection.　In the present case, it is not suggested that any answer exists which has not been made; but the plaintiff is entitled to the application of the general rule of practice, which sends a party in such cases to an affirmative application.　(*Ontario Bank* agt. *Hallett*, 8 *Cow*. 192; *Orange County Bank* agt. *Dubois*, 21 *Wend*. 351.)

The motion for an attachment is granted, with a stay of proceedings for ten days, to enable the defendant to prepare papers and give notice of a motion for relief, and obtain a further stay of proceedings with a view to a motion.