BURROUGHS *et. al.* *v.* DAVID.

Where in an action on an arbitration bond, it appeared that the parties, plaintiffs and defendant, had been co-partners in business, and difficulties having arisen between them, they entered into a bond, referring those difficulties to the determination of three arbitrators, which bond recites

Burroughs et al. v. David.

the co-partnership and its date; that losses had accrued, and dissatisfaction existed relative to the business; that D. desired a dissolution, to which B. and V. would not assent, unless compensation was made; that D. denied the right to compensation, but claimed damages from them, for losses sustained by bad management on their part; that the parties therefore mutually agreed upon three persons to settle and adjust the whole difficulty, by an award under their hands, or either two of them, duly signed, stating the manner, way, and means of settling the same; that all of said parties are to make under oath, a true exhibit of all debts by any of them made—for what purpose, on what account—to whom the amounts are still due, and when due, if known—the amount received by each of them from the co-partnership—and a full and perfect statement of all said business, so far as known; and that the parties bound themselves to stand by and sustain such award, and to pay all money, and perform all acts and things by said award decided; and where it further appeared, that the arbitrators executed their award, reciting that they had heard the statements of the different parties, and the evidence on both sides, and awarding as follows: 1. That the co-partnership be dissolved; 2. That in consideration thereof, D. shall assume and pay all the known liabilities of the concern, releasing the other parties from any obligation to himself or to others, and shall receive whatever assets there may be; and, 3. That said D. pay to said B. and V. the sum of $500, on demand; and where the defendant answered: 1. Denying that the award was legal or binding upon him, because the award was obtained by fraudulent representations and fraudulent concealments on the part of plaintiffs, which consisted in this: that plaintiffs did not make under oath, a true exhibit of all debts by them created—of the amount received by each of them—nor make a full statement of all said firm business, as far as known, but knowingly and purposely, and with design to deceive the arbitrators, and to injure and defraud the defendant, represented a less amount of debts against the firm, than the true amount, and stated that each had received a much less amount from the firm than in truth he had received; and because they had not complied with the provisions in the said bond, which relates to making the said exhibits; and where the defendant further alleged: 2. That during the co-partnership the plaintiffs alone being authorized to manage the business, and contract for the firm, they, or one of them, managed the business with the design and intention to swindle and defraud the defendant, and did greatly swindle and defraud him in the business, by means of which he had lost large sums of money, and has been much harrassed and embarrassed in his own business, which facts, actings and doings, were not passed upon by the arbitrators, and which, at the time of the hearing, was not fully known to the defendant; which answer was demurred to, for the following reasons: 1. The matters set up therein are not subjects of defense, and cannot be inquired into by the court; 2. The matters therein stated are *res adjudicata*, and were

passed upon by the arbitrators, or might have been—which demurrer was overruled, and judgment rendered for defendant; *Held*, 1. That the matter set up in the second and third parts of the answer, did not constitute a defense; and that the demurrer was improperly overruled.

*Appeal from the Des Moines District Court.*

SATURDAY, OCTOBER 30.

Action on an arbitration bond. The three parties, plaintiffs and defendant, having been co-partners in a certain business, and difficulties having arisen between them, they entered into a bond in the penal sum of five thousand dollars, referring those difficulties to the determination of three certain arbitrators.

The condition of the bond recites, that a co-partnership in the produce and commission business had been formed between them, by articles dated November 1, 1855; that losses had accrued, and dissatisfaction existed relative to the business; that said David desired a dissolution, to which said Burroughs and VanInwagen would not assent, unless compensation were made; and the said David denied their right to compensation, but claimed damages from them, for losses sustained by bad management on their part. The parties, therefore, mutually agreed upon three persons to settle and adjust the whole difficulty, by an award under their hands, or either two of them, duly signed, stating the manner, way, and means of settling the same, and bound themselves to stand by and sustain such award, and to pay all money, and perform all acts and things, by said award decided, designated and expressed. And it was provided in the same instrument, that "all of said parties are to make under oath, a true exhibit of all debts by any of them made—for what purpose—on what accounts —and to whom the amounts are still due—and when due, if known—the amounts received by each of them from the co-partnership—and a full and perfect statement of all said business so far as known."

This instrument was made the 22d of August, 1856, and on the 24th of September, the arbitrators executed their award, reciting that they had heard the statement of the different parties, and the evidence on both sides; and awarding: 1. That the co-partnership be dissolved; 2. That in consideration thereof, John S. David, party of the first part, shall assume and pay all the known liabilities of the concern, releasing the parties of the second part from any obligations to himself or to others, and shall receive whatever assets there may be; and 3. That said David pay to said Borroughs and VanInwagen the sum of five hundred dollars on demand.

The plaintiffs sue for the penal sum of five thousand dollars, and aver that the arbitrators heard the parties on their oaths; and set forth the liabilities of the concern as ascertained by them, and aver that the defendant refuses to comply with and perform the award, and refuses to pay the said debts of the partnership, and the sum awarded to them, though thereto requested.

The defendant answering; 1. Admits the submission, and avers that the consideration, (among others), on his part, was that the plaintiffs should make under oath a true exhibit of all things; 2. He admits the award as stated, but denies that it is legal or binding on him, for the following reasons: *First.* The award was obtained by fraudulent representations, and fraudulent concealments, on the part of plaintiffs, which consisted in this, that plaintiffs did not make under oath a true exhibit of all debts by them created, of the amounts received by each of them, nor make a full statement of all said firm business as far as known; but knowingly, and purposely, and with design to deceive the arbitrators, and to injure and defraud defendant, represented a less amount of debts against the firm, than the true amount; and stated that each had received a much less amount from the firm, than in truth he he had received. And, generally, because they had not complied with the last provision in the said arbitration

bond; which relates to making the exhibits before stated. 3. The defendant further answers, that during the co-partnership, the plaintiff alone being authorised to manage the business, and contract for the firm, they, or one of them, managed the business with the design and intent to swindle and defraud defendant, and did greatly swindle and defraud him, in the business ; by means of which he has lost large sums of money, and has been much harrassed and embarrassed in his own business ; which facts, actings, and doings, were not passed on by the arbitrators, and which at said time was not fully known to the defendant.

There are, then, three counts of the answer, setting up matters of set-off, but these were subsequently abandoned. The eighth count of the answer, is a denial of the paper annexed to the petition, as the award ; and the ninth, is a general denial of the allegations of the petition, not before admitted.

The plaintiffs demurred to the second count of the answer ; because the matters set up therein, are not subjects of defence, and cannot be inquired into by the court; and to the third count, "for the same reasons," and because the matters therein stated, are *res adjudicata*, and were passed upon by the arbitrators, or might have been. The court overruled this demurrer, and rendered judgment for the defendant for costs. The errors assigned, are to the overruling the demurrer, and rendering judgment in favor of the respondent.

*C. Ben Darwin*, for the appellants, cited the following authorities : 1 Greenlf. on Ev., 644 ; 1 Pothier, 433 ; 2 Cow. & H. Notes to Phill. Ev., 13, 18, 19, to 31, and 149 ; 2 Parsons on Cont., 234 ; 2 Cow., 120 ; 5 Blackf., 84 ; 1 Monroe, 191 ; Caldwell on Arbitration, 374 ; 2 Day, 552 ; 1 Johns. Ch., 432 ; 5 Wend., 516; 8 Verm., 79 ; 14 Mees. & Wels., 264 ; 2 Iowa, 44 ; 3 Ib., 66.

*Browning & Tracy*, for the appellee. [No brief of

Burroughs et al. v. David.

counsel for the appellee, was placed in the hands of the Reporter].

WOODWARD, J.—There was a subsequent answer filed, setting up a withdrawal of the above named reference, arbitration, and award, and a reference to five persons, members of the church to which the parties, or two of them, at least, belonged. This answer sets up and shows the award of those arbitrators, but a demurrer thereto was sustained, and the whole was set aside ; and the parties, in their further proceedings in the court, fell back upon the first award.

In relation to the power of a court over an award, we apprehend there is a material difference between the cases where the reference is under a statute provision, or is made a rule of court, in either of the methods by which it may be made so, and those where it is solely by an agreement of the parties, as at common law. In the latter case, the arbitrators constitute a tribunal, created by the parties themselves ; they are judges, appointed by them, instead of those existing under the law of the land. The courts have but little authority over them, and but little power in relation to their doings. Especially is this true of the courts of law, nearly all the authority which does exist, in regard to them, residing in courts of equity. *Efner* v. *Shaw*, 2 Wend., 567 ; *Rylea* v. *Ramsay*, 2 Ib., 602 ; *Elmendorf* v. *Harris*, 5 Ib., 516 ; *Waite* v. *Barry*, 12 Ib., 377 ; *Emmett* v. *Hoyt*, 17 Ib., 410 ; *Newland* v. *Douglass*, 2 Johns., 62 ; *Barlow* v. *Todd*, 3 Ib , 367 ; *Same case*, 2 Johns. Ch., 551 ; *Cranston* v. *Kenny*, 9 Johns., 212 ; *Underhill* v. *Van Cortlandt*, 2 Johns. Ch., 339 ; Caldwell on Arb., 364, 473; Ib., 7, note ; 1 Bac. Ab. Title, Arb. and Award, K., 316.

Thus, in the above, and other cases, it has been held that evidence of mistakes in an award, cannot be given in a court of law; that a party cannot, in an action on an arbitration bond, avail himself of a promise to correct the mistakes of arbitrators ; that no evidence can be given impeaching the conduct of the arbitrators, unless, possibly,

for corruption, gross partiality, or want of authority, and then, perhaps only in equity; that nothing *detiors* the award, can be shown; that it is not examinable in a court of law, unless for the causes above named; and that an award is like a judgment, which cannot be contradicted, and this even for a refusal to hear proper testimony, or for hearing *ex parte*.

The leading thought thus arrived at is, that arbitrators are a tribunal created by the parties, and by them invested with authority; that this is not derived from the State, or the law; and that there is nothing which connects them with the tribunals of the land, or gives the latter authority over them, and consequently, that the courts have no power in relation to them, except where a wrong has been done, which partakes of the character of wilfulness—as in fraud, or corruption. And, even where the courts have interposed, it has generally been by those which proceed upon the principles of equity; for the relief sought, is usually obtained only through the medium of these principles. But we do not propose to pursue this train of thought. It was intended only to suggest the idea, that when a reference to arbitration is made, under a statute, this brings it more into connection with the courts of the land, and affords ground for the latter to exercise an authority which, otherwise, might be wanting. This distinction may not press strongly in the present case, for we regard the defenses set up as wanting in force, in either point of view. The matters set up in the second count of the answer, which is demurred to, does not constitute a defense to this action on the arbitration bond. We will not say but that it would, if the defendant had pleaded matter which supported the averment, that the award was obtained by fraudulent concealments and representations; but, after making that allegation, he says that this fraud consisted in not making a true exhibit of all debts by them created—of all the amounts received by them— and generally, in not making a full statement of the business of the firm, but that they

Burroughs et al. v. David.

stated a less amount than was true.  To make this a good and sufficient plea, it should have shown the particulars wherein they failed, or which they omitted ; for an issue on this plea, as pleaded, would lead to a re-examination of the entire transactions, so far as they related to debts contracted, and sums received; and besides this, would have thrown the proof upon the wrong party.

But aside from this view, it was a part of the terms of submission, that the parties should make a disclosure upon all these subjects, under oath; and thus it was mutually agreed that their testimony should be received.  It would seem, from the nature of the case, that this cannot be made a defense, in an action on the bond.  The testimony was to be taken.  The parties took their chance with each other.  And further, it cannot be averred, that the plaintiff's testimony was received fully and unqualifiedly, or that the arbitrators may have credited the one side more than the other.  It was for them to judge of, and to determine.  How can the one side defend on the bond, by saying that the other belied the confidence placed in him ?  No one pretends that he can defend against a judgment recovered, by pleading that his opponent, whom he calls to testify, did not testify truly.

Another reason exists against allowing this as a plea.  And that is, that it goes too far.  The only legitimate end that could be arrived at, in such a case, would be to correct the mistake, or to recommit the matter, to the end that the arbitrators might do this.  The error would be partial only—would exist only as to *some* particulars, and not to the whole—and therefore the entire finding should not be overthrown ; but this plea allowed as a defense, would nullify the whole arbitration.  And again, it would lead to that which would amount to an appeal from the award.  It would, in effect, open up a new trial; and there would be no conclusiveness in an award, when the parties testify.

We conclude, therefore, that this defense cannot prevail in a court of law, in an action brought on the arbitration

bond, and that the demurrer should have been sustained,. to·this portion of the answer.

The third count in the answer, and to which the demurrer applies, is that the plaintiffs so managed the business,. that they swindled and greatly defrauded the defendant., The demurrer opposes the same objection, namely, that, this is not a subject of defense, and cannot be inquired into, and also, that it is res *adjudicata.* The same au_ thorities and reasoning, nearly, apply to this, which were, applied to the previous defense. .But farther, this is the very essence of the matter submitted to arbitration.· The article of submission states, that David claimed damages for losses sustained by reason of bad management of .the business by, the plaintiffs. This supposed mismanagement was the main substance of the matter to be arbitrated, and to plead it as a defense in this action, is only pleading the same thing which he referred to the arbitrators. But he says it was not passed upon. Notwithstanding this averment, it must be assumed that it was passed upon; for if there was a hearing and an award, it must, have been. It is like matter, a finding upon which is ne_ cessarily involved in the verdict. But further, the defendant does not allege a reason why they were not passed upon. He does not aver a refusal to hear, nor any delinquency on the part of the arbitrators, in relation to this; nor even that he offered evidence upon it; and urges nothing to show improper conduct, or an illegal refusal. See cases cited by counsel.

The cases heretofore decided by this court, reported in 2 . G. Greene, 26; 2 Iowa, 44; 3 Iowa, 66, and 4 Ib., 420, were under statutes relative to arbitrations, and the references were made rules of court.

. The matters set up in the answer, are insufficient, and the demurrer thereto should have been sustained. The judgment of the district court in favor of the defendant, : is, therefore, reversed, and a writ ·of *procedendo* is awarded.