CATHERINE GOODWIN, Appellee, v. MERCHANTS' & BANKERS' MUTUAL INSURANCE COMPANY, Appellant.

Action on Policy of Insurance:  FRAUD OF DEFENDANT:  EVIDENCE.
1   Evidence considered and found wholly insufficient to support the allegation that defendant fraudulently caused the fire which occasioned the loss.

Same:  REFUSAL TO ARBITRATE:  WAIVER OF LIMITATION OF ACTION:
2   ESTOPPEL.  When an insurance company on its own motion

agrees with the assured, pending a suit on the policy, to arbitrate the loss and the suit is dismissed without prejudice on account thereof, and no arbitration is had because the company insists that its special agent shall act as one of the arbitrators and assured declines to proceed on that account but brings another suit on the policy; the company thereby waives the provision in its policy that suits shall be commenced within six months from date of loss, and is estopped from setting up such limitation as a defense.

**Commencement of Suit:**  REASONABLE TIME.  Where an insurance company has waived the provision in its policy that action for loss shall be begun within six months from date thereof and negotiations for arbitration are pending, commencement of suit within six months from agreement to arbitrate is within a reasonable time.

**Arbitration:**  NEW AGREEMENT OF:  FORMER AWARD.  Parties to an arbitration are not bound by the award where an agreement has been made to set it aside and submit the controversy to a new arbitration.

**Verdict Presumed to be for Pro Rata Share of Loss.**  Where the policy of defendant is for two-thirds of the total insurance and the court instructs that plaintiff can only recover from defendant two-thirds of the loss, the verdict of the jury is presumed to be on that basis.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

SATURDAY, DECEMBER 20, 1902.

ACTION at law upon a fire insurance policy.  Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*I. M. Earle* for appellee.

WEAVER, J.—It is conceded that plaintiff held a valid policy of insurance, issued by defendant, upon certain hotel property in Boone, Iowa; that in June, 1895, while said policy was in force, the insured property was to some extent damaged by fire; that the proofs of loss were duly

furnished to defendant, and that no part of plaintiff's damages has been paid. It further appears from the record that the parties, not being able to agree upon the amount of plaintiff's loss, submitted the matter, under a clause of the policy providing therefor, to arbitration, which resulted in an award in plaintiff's favor, but for an amount materially less than she claimed. Thereafter, and within less than six months from the date of the loss, plaintiff brought an action in the district court of Boone county to set aside the appraisement as having been obtained by fraud. To this petition the defendant, among other things, pleaded and offered its consent to set aside the award upon the condition that plaintiff would enter into a new agreement to ascertain the extent of her loss by arbitration and appraisement. On October 15, 1896, plaintiff filed in said cause her written acceptance, and thereupon dismissed her action without prejudice. She now alleges that, since securing the dismissal of her said action, the defendant, though often requested so to do, has refused to perform its said offer and agreement, and refused to enter into any arbitration of her claim, and that she has performed all the conditions of the agreement on her own part. She further alleges that, while the policy issued to her by the defendant provides that no action can be maintained thereon unless commenced within six months after the loss for which recovery is claimed, yet defendant, by reason of its acts and agreements already related, has waived its right, and is estopped to plead or rely upon said limitation as a defense to her demand for damages.

The defendant, by way of answer, admits the original arbitration, the award, the suit to set same aside, the offer made to rearbitrate, but denies all other allegations in respect thereto, and admits that it has refused, and still refuses, to do anything further in the matter of ascertaining the amount of plaintiff's loss. It further pleads that

·plaintiff did not bring the present action within six months after the fire; that defendant herself fraudulently caused the fire which occasioned her alleged damage; that plaintiff, in violation of the terms of the policy, increased the hazard and risk of the fire by permitting the use of the insured building as a gambling house; that in making her proofs of loss, and in her testimony before the arbitrators, plaintiff falsely and fraudulently misrepresented the amount and value of the property lost or injured by the fire; and that there was other insurance upon the property, by reason of which defendant's liability was only in the proportion- which the amount insured by its policy bore to the combined or aggregate insurance. By reply the plaintiff admits having a policy of $500 in another company, the loss under which has been fully settled, and denies all other matters in the answer.

I.   It may be said at the outset concerning the allegations of the answer which charge the plaintiff with fraud, arson, and perjury, there is not a shadow of proof in the record, and the only suggestion of the kind in the argument is based upon the statement of a fireman that in going through the building at the time of the fire he discovered a box of paper in which were some partly burned matches. This item, with the reported hearsay statement, attributed to one of the arbitrators, that the plaintiff's case was "loaded" (whatever that may mean), constitutes the entire foundation of this branch of the defense, and does not even tend to support the answer· When there is just ground for believing that an alleged loss has its origin in the crime or fraud of the assured, it is not only the right of the insurer, but a duty which he owes to society, to resist payment, and expose the wrongdoer; but charges of such grave and serious character should not be recklessly made, and, if made in good faith, and the evidence produced is found insufficient to justify them, they should be frankly disavowed.

*1. FRAUD of defendant: evidence.*

II.   Much insistence is placed by the appellant upon
that clause of the policy which limits the right to institute
action thereon to the period of six months after the date
of the fire.   We think the defense cannot

2. REFUSAL
to arbitrate:
waiver of
limitation
of action:
estoppel.

avail.   As we have already seen, an arbitra-
tion was had between the parties.   The award
was repudiated by the plaintiff within the
six-months period, and action brought to set it aside and
recover upon the policy.   In answering this demand, de-
fendant offered to consent to the setting aside of the
award and enter upon a rearbitration.   Again, pending
the trial defendant offered plaintiff her choice to accept
$550 or a new arbitration.   Plaintiff closed with the offe:·
thus repeatedly made, and elected to proceed to another
arbitration, and thereupon the trial was arrested, and the
suit dismissed without prejudice.   It is perhaps true that,
had such been defendant's offer, or the parties had so
agreed, the suit need not have been dismissed, and the
award of the arbitrators, when made, could have been re-
turned therein after the manner of a verdict.   But such
was not the offer or agreement, and, the parties having
agreed to take their dispute into another tribunal, the
natural and proper thing to do was to dismiss the suit
without prejudice.   The general rule, however, is that an
agreement to arbitrate the subject-matter of litigation is
equivalent to an agreement to dismiss the pending suit for
a good consideration, and in itself operates as a dismissal.
*Bowen v. Lazalere*, 44 Mo. 383; *Vanderhoof v. Dean*, 1
Mich. 463; *Reeve v. Mitchell*, 15 Ill. 297; *Draghicevich v.
Vulicevich*, 76 Cal. 378, 18 Pac. Rep. 406; *Larkin v. Rob-
bins* 2 Wend. 505; *Grosvenor v. Hunt*, 11 How. Prac. 355;
*McNulty v. Solley*, 95 N. Y. 242.

There is, however, another class of cases adhering to
the rule, not so well grounded in reason, that a party may
proceed with the pending suit even after an agreement to
arbitrate, leaving the other party to his remedy in damages

for failure to carry out the arbitration agreement. 2 Am. & Eng. Enc. Law, 566.   Applying the doctrine first stated, the voluntary offer of the defendant to set aside the original award and enter into another arbitration was tantamount to an express request to the plaintiff to dismiss her suit, and accept the proposed method of determining the amount of her recovery; and when she accepted the invitation, and acted upon it, the agreement constituted a contra t which neither could rightfully repudiate. When, therefore, the suit having been dismissed, plaintiff began to insist upon proceeding to arbitrate, she was acting within her right.   In the dispute which arose as to the terms of the arbitration it is easily possible that plaintiff was more suspicious and obstinate over non-essential matters than she should have been, but we think the chief responsibility for the failure to proceed is upon the defendant.   It is admitted that defendant's own special agent —the very agent who insured plaintiff—was in some manner made one of the arbitrators who returned the award which was set aside.   This she avers was without her knowledge and consent, and, if so, she was naturally and properly solicitous that such manifest impropriety be not repeated upon the second hearing.   She therefore insisted upon having the articles of submission provide that no arbitrator should be selected who was then, or had been, in the employment of either party.   It certainly was not an unreasonable proposition.   Either party had the right to demand that the arbitrators chosen should have the competency of jurors, and assuredly a litigant cannot be expected to consent that his case shall be tried to his antagonist in person or by agent.   *Pool v. Hennesy*, 39 Iowa, 192; *Brown v. Harper*, 54 Iowa, 546; *Spearman v. Wilson*, 44 Ga. 473; *Beattie v. Hilliard*, 55 N. H. 428; *Female Seminary v. Blair*, 1 Disn. 370; *Bradshaw v. Insurance Co.*, 42 N. Y. St. Rep. 79, 16 N. Y. Supp. 639.

That the defendant was not disposed to restrict itself within these reasonable rules is indicated by its correspondence with counsel, offered in evidence. On being notified that Mrs. Goodwin desired to insert in the agreement of submission a clause to the effect that "the arbitrators herein named do not hold the relation to the parties of servant, employe, or agent," the company replied: "We will not make an indorsement of a character that will interfere with the person we may select to represent us in this appraisement or arbitration doing his duty impartially, as he will be sworn to do. When we have turned the matter over to those we have chosen to represent us, so far as we are concerned, we are done with this part of the subject. * * * We do not want to get matters any more complicated than they are now, *nor hamper our representative with unnecessary explanations.*" The words we have italicized emphasize the wisdom of plaintiff's contention. An arbitrator who would be "embarrassed" by explaining his relations to either of the parties is certainly one to whom the other party may justly object. The position taken by the company illustrates the mistaken idea, too generally entertained, that an arbitrator selected by a party to a dispute goes on the board as "his representative," rather than an absolutely disinterested, indifferent, and impartial person, as under the law and his oath of office he is bound to be. *Pool v. Hennesy, supra.* But even were we to find that the plaintiff's demand was unreasonable, defendant not only fails to indicate its own willingness to abide by its agreement, but specifically admits in pleading that it "has refused and does refuse" to arbitrate with plaintiff, or to recognize her claim in any form. Under such state of affairs, to permit it to say on the one hand it will not perform its agreement to arbitrate, and on the other that, having, by such agreement, obtained a dismissal of the former suit, it will now fall back upon the time-limitation clause in its

policy, would be a most unjust proposition. It was paid its price for insuring plaintiff's property. The property, while thus insured, was damaged by fire. Defendant justly owes the plaintiff something. Suit was begun in due time. The suit was dismissed upon defendant's agreement to arbitrate. It now refuses to perform its agreement. This is sufficient to constitute both a waiver of the limitation and an estoppel against the use of it as a defense to plaintiff's claim. It has often been held that a defendant who, by his own acts or conduct, leads the plaintiff to delay the commencement of suit,—though there be no express waiver of the limitation,—may be estopped from availing himself of the defense. *Derrick v. Insurance Co.*, 74 Ill. 404; *Banking Co. v. Myer*, 93 Ill. 271; *Association v. Loomis*, 142 Ill. 560, 32 N. E. Rep. 424; *Newton v. Carson* (Ky.) 5 S. W. Rep. 475; *Barcroft v. Roberts*, 91 N. C. 363; *Railroad Co. v. Gurley*, 92 Tex. 229, 47 S. W. Rep. 513.

III. It is next said that, even if the limitation in the policy be held to have been waived by the company, it did not give the plaintiff a right to sue at any time within the general statute, but that she must proceed to bring suit within a reasonable time after the waiver has been made. For the purposes of the present case the correctness of this proposition may be conceded. The agreement to arbitrate and the dismissal of the first suit took place in October, 1896. Thereafter various negotiations were had by correspondence and otherwise between the parties, and, agreement upon the arbitration not being arrived at, this action was begun upon April 10, 1897. We think the court may say she moved with reasonable promptness. The fact that she gave the defendant four or five months in which to perform its agreement before proceeding to farther litigation should not be charged to her as negligence.

3. COMMENCEMENT of suit: reasonable time.

IV.   Appellant insists that the arbitrator's award to which plaintiff took exception is binding upon the parties as to the amount of loss, and error is assigned upon the

**4. ARBITRA-TION: new agreement of: former award.**   refusal of the trial court to so instruct the jury. . It is said that defendant's offer to consent to the setting aside of said award was upon condition that plaintiff enter into a new agreement to arbitrate, and, as she has refused to sign or execute such agreement, the award must stand.   As we have found that plaintiff is not chargeable with the responsibility for the failure to arbitrate, the appellant's contention in this respect cannot be sustained.   Moreover, when plaintiff, in writing, accepted the offer to set aside the award, and the court thereupon dismissed the suit in order to afford the parties opportunity to carry out their agreement, the adjudication by the arbitrators must be held to have been vacated, and of no further force or effect.

V.   It is conceded that, the plaintiff's policy with the defendant being for $1,000, or two-thirds of the total amount of insurance upon the property, she could not re-

**5. VERDICT presumed to be for pro rata share of loss.**   cover from defendant more than two-thirds of the amount of her loss, less the balance due on her premium note.   The trial court so instructed the jury, and it must be presumed that the verdict returned represents the amount due plaintiff on that basis.   It is said, however, that plaintiff received from the Pennsylvania Company $336.65, and that this sum "should have been deducted from the amounts ascertained" by the jury."   It is difficult to conceive upon what theory this claim is advanced.   The two companies were liable to the plaintiff, not jointly, but severally, in the proportion of two-thirds and one-third.   It was competent for either of these insurers to settle with plaintiff on any terms upon which they could mutually agree, and, so long as defendant is not required to respond in a sum in excess of two-

thirds of the value of the property destroyed, or in excess of the amount named in the policy, it is wholly immaterial whether the Pennsylvania Company paid more or less than it might have been held to pay at the end of a litigation.

Other propositions argued are necessarily governed by the conclusions already announced.

The judgment of the district court is AFFIRMED.