ALBANY,
Oct. 1828.

Miller
v.
Van Anken.

## MILLER *vs.* VAN ANKEN.

*A submission of a cause to arbitration, depending in the C. P. on appeal, though a discontinuance of the appeal, leaves the judgment appealed from in full force. The statute declaring an appeal a supersedeas, contemplates a case where the appeal is prosecuted with effect, and not where it is abandoned.*

ERROR from the Cayuga common pleas. Van Anken sued Miller in a justice's court, and declared on a judgment obtained by him against Miller, before a justice of the peace, for $35, damages and costs. Miller pleaded the general issue, and gave notice that, on the trial of the cause, he would prove that he appealed from that judgment to the Cayuga common pleas; that whilst the cause was depending in the common pleas, the parties submitted the same to arbitration, and entered into bonds accordingly; that the arbitrators heard the proofs and allegations of the parties, and took the same under advisement, but made no award. The cause was tried before the justice, who rendered judgment for the plaintiff. The defendant appealed.

On the trial in the common pleas, the judgment declared on was proved; the appeal from that judgment was shewn; the arbitration bond set forth in the defendant's notice was produced, bearing date 14th September, 1826, containing a clause that the award should be made within ten days after the final hearing of the cause, and that the appeal to the court of common pleas should be, and was thereby declared to be discontinued. It was then admitted, that the cause was brought to a hearing before the arbitrators, who retired to make up their award; but not being able to agree upon the same, they reported the fact to the parties, refused to have any further charge of the matter, and separated. The common pleas decided that the plaintiff was entitled to recover, and so charged the jury. The defendant excepted. The jury found for the plaintiff; on which verdict judgment was entered.

*I. Hussey,* for plaintiff in error. The appeal from the judgment declared on was a supersedeas to any further proceedings on it. (*Statutes, vol. 6, ch. 295, sect. 36.*) The arbitrators, having failed to make an award, the cause remained in the court of common pleas. The clause in the bond

declaring the appeal discontinued, contemplated that an award would be made; and not being made, the appeal ought not to be considered as discontinued, as the effect of a discontinuance would be to deprive the defendant of a defence to the original cause of action, he not having the right to make such defence in an action on the judgment. (14 *Johns. R.* 479.) If the clause in the bond operated as a discontinuance of the appeal, it also discontinued the whole proceeding, and the plaintiff must resort to his original cause of action.

ALBANY,
Oct. 1828.

Miller
v.
Van Anken.

*F. G. Jewett,* for defendant. The appeal was discontinued by the submission to arbitration. (6 *Cowen,* 399. 18 *Johns. R.* 22. 17 *Johns. R.* 461.) The appeal being discontinued, and the arbitration at an end, the judgment declared on remained in full force, and the plaintiff could not recover on his original cause of action. (5 *Cowen,* 660, 8.)

*By the Court,* SUTHERLAND, J. This is an action of debt upon a judgment before a justice of the peace. The defendant in error, Van Anken, was plaintiff before the justice, and Miller, the plaintiff in error, appealed to the common pleas. Van Anken again recovered there, and Miller now brings the writ of error. The whole case resolves itself into this : Whether, when a cause is carried by appeal into a court of common pleas, and the parties there agree to submit it to arbitrators, and expressly provide in the bond of submission, "that the appeal to the court of common pleas shall be, and is thereby discontinued," and the arbitrators, after hearing the proofs and allegations of the parties, are unable to agree, and make no award in the premises, the original judgment obtained before the justice remains in force, so that an action of debt can be brought upon it. The court of common pleas held that it did ; in which I think they were correct. The appeal having been discontinued by the express agreement of the parties, and the arbitration being at an end, the judgment before the justice remained in full force. No suit could be sustained upon the original cause of action. The 36th section of the act of April 12th, 1824, does not apply to a case like this. It declares, *that an appeal, when duly made, shall*

VOL. I.                66

be a *supersedeas to any further proceedings on the judgment before a justice.* It contemplates a case where the appeal is prose-cuted with effect ; not where the parties expressly abandon it.

Judgment affirmed.