NEW-YORK,
May, 1829.

Larkin
v.
Robbins.

## LARKIN vs. ROBBINS.

ERROR from the Oneida common pleas. Robbins sued Larkin, and declared on a promissory note, &c. The defendant pleaded *auter actio pendente*. The plaintiff replied that the action set forth in the plea had been submitted to arbitration, by reason whereof the suit became discontinued. The defendant rejoined that the arbitrators had not taken upon themselves the burden of the submission ; that they had not met to hear the parties, and had not made any award, or done any other act under the submission ; to which rejoinder the plaintiff demurred, and the common pleas gave judgment for the plaintiff.

*C. P. Kirkland*, for plaintiff in error. A submission to arbitration is not, in itself, a discontinuance of an action pending in court ; to give it that effect, it must be followed up by some act done by the arbitrators. If nothing is done under the submission, or, if the arbitrators refuse to act, it is a nullity, and the proceedings in the suit are not stayed. (*Kyd on Awards*, 14. *Caldwell on Arbitration*, 21, 22. *Tidd's Pr. chap. Arbitrations.*)

Although it has been said, (18 *Johns. R.* 23, 6 *Cowen*, 399, 1 *Wendell*, 314, 516,) that a submission to arbitration is a discontinuance of a suit pending in court, the question now raised has not heretofore been distinctly presented for adjudication. What was said by the court on this subject in the cases referred to, was not called for by the circumstances of those cases, nor necessary to support the judgments pronounced.

*W. Crafts*, for defendant in error. A submission to arbitration necessarily is a discontinuance of a suit in court. A cause cannot be pending both in court and before arbitrators. On a submission to arbitration, bail are discharged from their responsibility, because the cause is considered as discontinu-

*A submission of a cause pending in court to arbitration is a discontinuance of the suit, although the arbitrators have not taken upon themselves the burden of the submission, have not met to hear the parties, and have not made any award or done any other act under the submission. The court will not look beyond the submission.*

ed. The decisions of this court are supported by 17 *Mass. R.* 591, 2 *T. R.* 643, 2 *Johns. Ch. R.* 276, 317.

*By the Court,* MARCY, J. The point presented for the opinion of this court is, whether the mere submission of a cause to arbitration, the arbitrators never taking or consenting to take upon themselves the burden of the submission, operates as a discontinuance of a suit pending in court. The distinction that the plaintiff in error makes between a submission never acted on by the arbitrators, and one which has been followed up by an award or hearing by the arbitrators, does not appear to have been recognized by the courts, nor do I see any good reason for making such distinction. The general position is, that a submission of a cause pending in court is a discontinuance of the suit. (18 *Johns. R.* 22. 6 *Cowen,* 399. 1 *Wendell,* 314. 17 *Mass. R.* 591.) The reason that the submission operates as a discontinuance, is not because the subject of the suit is otherwise disposed of than by the decision of the court in which it was prosecuted ; but because the parties have selected another tribunal for the trial of it. The court will not look to the proceedings of that tribunal to determine whether the suit is gone beyond its jurisdiction. It is sufficient that the parties have selected their arbitrators, and concluded their agreement to submit to them. It is this agreement which withdraws the cause from the court, and effects the discontinuance of the suit.

Judgment for the defendant in error.