By the Court, Beardsley, J.
An appeal from a justice’s judgment to the court of common pleas, transfers the cause to the latter court. The statute upon this subject declares that, “ upon the return of the justice being filed, the court of common pleas shall be possessed of the cause.” (2 R. 8. 261, § 201.) It is the same cause in the common pleas which had *612 previously been pending in the justice’s court. (Id. 262, 3, §§ 210, 214, 216.(a)
But notwithstanding the cause in the two courts is the same, the appeal does not extinguish the judgment of the justice. It is still a judgment, although the appeal supersedes all further proceedings upon it. (Id. 259, § 192.) This consequence results from merely making a regular appeal. The return of the justice is then to follow, and when that is filed, the common pleas becomes fully possessed of the cause, and may dispose of it in various ways. One of these is, by a dismissal or discontinuance of the appeal, in which case the judgment before the justice remains in full force and effect. (Id. 259 to 264, §§ 189, 202 to 209, 224,227.)
In Miller v. Van Anken, (1 Wend. 516,) a cause had been carried to the common pleas by appeal, subsequently to which the parties agreed to submit it to arbitrators, providing in the bond of submission “ that the appeal to the court of common pleas” should be thereby discontinued. The arbitrators failed to agree, and the court held that, as the appeal had been “ expressly abandoned,” the judgment before the justice remained in force. That case was like the one now under consideration, with a single exception. Here the agreement is, not that the “ appeal” shall be discontinued, but that “ all further proceedings in said suit at law are to be hereby stayed and ended.” The difference in my opinion is material, and must control the present case. These parties intended to blot out and end the suit at law, from its commencement before the justice to its termination in the common pleas, by the substituted arrangement to arbitrate.
The common pleas therefore erred, and their judgment should be reversed.
Judgment reversed.

 Hence security given by a plaintiff, on obtaining a warrant or attachment before a justice, extends to the final result of the cause in the common pleas. (Traver v. Nichols, 7 Wend. 434; Ball v. Gardner, 21 id. 270.)