JOHN T. BOWEN, Plaintiff in Error, v. ALICE LAZALERE et al., Defendants in Error.

1. *Practice, Civil— Bill of exceptions — Refusal of judge to sign—Affidavits— Construction of statute.—* The statutory method of bringing up a bill of exceptions, where the judge refuses to sign it, by procuring the signatures of three bystanders, and filing affidavits sustaining it (Gen. Stat. 1865, ch. 169, § 30 *et seq.*), ought to be avoided if possible. To that end the judge who presided at the trial, under section 29, chapter 169, Gen. Stat. 1865, should state briefly wherein the bill is untrue, if he objects to it on that ground, and should assist the parties in making it up with his notes of testimony. But the law does not require that he should write the bill or change one presented to him.

2. *Practice, Civil —Suit —Arbitration and award—Motion to confirm, with-drawal of.—* Where it was set up as a defense in a suit that the matter in dispute had been submitted to arbitrators, who had made an award, and defendants filed their motion to confirm the award, but afterward withdrew the same: *held,* that by such withdrawal defendants did not abandon that defense to the action. The proceedings to obtain judgment upon the award form no part of the suit.

3. *Practice, Civil—Arbitration and award—Defense, setting up—Judgment.—* When an action for the recovery of a debt is pending, an agreement to arbitrate the matter in dispute is equivalent to an agreement, for a good consideration, to dismiss the suit. But such submission to arbitration can not be pleaded in bar until there is a good and binding award. In such case it is a full defense, and, in the absence of a traverse in the replication, will authorize a final judgment for defendant.

4. *Practice, Civil —Arbitration and award —Answer pleading, must show that all arbitrators acted.—* Under the requirements of the statute (Gen. Stat. 1865, ch. 198, § 5), any number of arbitrators less than the whole are incom-

petent to sit; and an answer pleading arbitration and award by two out of three arbitrators is fatally defective, and may be disregarded.

5. *Arbitration and award.*—A plea of submission to arbitration as a plea in abatement is waived by plea and trial on the merits, and can not be set up in abeyance after judgment.

6. *Practice, Civil — Trial — Evidence — Instructions.*—Where there is any evidence in a trial tending to prove the issues of fact in a case, it must go to the jury, although the legal effect of those facts is a question of law upon which instructions may be given.

7. *Practice, Civil — Bill of exceptions — Refusal of court to sign.— Affidavits.*—Where a judge refuses to sign a bill of exceptions as being untrue, and refuses to permit it to be filed, it will be held to be true, notwithstanding, if sustained by the requisite number of affidavits, unimpeached by counter-affidavits, even though the affidavits are sworn to by interested parties.

*Error to Fifth District Court.*

*S. A. Richardson*, and *Hall & Oliver*, for plaintiff in error.

*Vories* and *McFerran*, for defendants in error.

I. The submission in writing to arbitration operated as a discontinuance of the cause ; and the District Court did not err in reversing the judgment of the court below. (West v. Stanley, 1 Hill. 69 ; 4 Barb. 541 ; 4 Cow. 547 ; Larkin v. Robbins, 2 Wend. 505 ; Blunt v. Whitney, 3 Saund. 4.)

II. The bill of exceptions, signed by the bystanders and supported by affidavits, together with the sworn copies of the papers directed in said bill of exceptions to be copied therein, should be taken and considered as a part of the record in the cause. (Wallace v. Bolton, 10 Mo. 660 ; Dougherty v. Whitehead, 31 Mo. 255 ; Gen. Stat. 675 ; Hill. on New Trials, 21, § 10 ; 29 Mo. 447.)

III. The court below usurped the province of the jury by instruction No. 2 in the record, given to the jury at the instance of the plaintiff in error. (Benton v. Klein, 42 Mo. 97 ; Claflin v. Rosenberg, 42 Mo. 439 ; Singleton v. Pacific R.R. Co., 41 Mo. 465 ; McGovern *et al.* v. Craig *et al.*, 39 Mo. 156.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit in the Daviess County Court of Common Pleas against the defendants, upon a promissory note for about $500. Defendants admitted the execution of the note,

Bowen v. Lazalere et al.

but said it was procured by fraud. The plaintiff, in reply, denied all the facts charged as constituting the fraud. Afterward the defendants filed a supplemental answer recapitulating the former answer, with the addition of a new defense — that the matter in dispute had been submitted to arbitrators, who had made their award. The record shows that the defendants at the same time filed the submission and award and a motion to confirm the award.

The court, upon motion of plaintiff, struck from the file the motion to confirm, for want of notice, whereupon the defendants withdrew the submission and all the papers connected with it. No reply to the supplemental answer is filed, and no further allusion is made to the matter during the trial. This seems to be the same award brought before the court at the present term in the case of Shores and Wife v. Bowen.

The cause proceeded to trial upon the allegation of fraud in procuring the note, and the verdict and judgment were for the plaintiff for its full amount, which judgment was reversed in the District Court. After the trial the defendants presented a bill of exceptions, which the judge refused to sign, certifying as his reason that it was untrue. It was then signed by three bystanders, but the judge refused to permit it to be filed in court for the same reason. Afterward, and within five days of the trial, the defendants took and deposited with the clerk four affidavits sustaining the bill of exceptions, which are annexed to and certified up as part of the record — the original bill of exceptions so sustained having been brought up by them and filed in the District Court—and come here with the rest of the record.

Counsel for the plaintiff seem to criticize this mode of bringing up the bill, but I do not see wherein it is not a compliance with the requirements of the statute. As this statutory mode of bringing up the facts of a case is unusual, and is liable to embarrass the appellate court by the necessity imposed upon it of deciding the truth of the bill, we take the opportunity of saying that it ought to be avoided if possible. To that end, the judge who presides at the trial would do well to state briefly wherein the bill is untrue, if he objects to it upon that ground, and to give the parties such assistance in making it up as his impartiality and his notes of

the testimony eminently qualify and enable him to do. The law, however, does not require that he write the bill, or change one presented to him — only that he shall certify the cause of his refusal to sign it. A liberal construction of this requirement, we think, would make it his duty to point out in a general way, but with such particularity as to make it understood, in what the untruthfulness consists.

It is claimed by the plaintiff that the defendants, by withdrawing their motion to confirm the award, abandoned that portion of their answer. But it could not have that effect. The proceedings to obtain judgment upon the award form no part of this case, and should not have been mixed up with the record. When the parties agreed to submit the matter in controversy to arbitration, they thereby agreed that the suit be discontinued. Another tribunal was selected; and if the plaintiff did not voluntarily dismiss his case, the defendant could compel him to do so by motion setting up the submission, or by answer in the nature of a plea in abatement *puis darrien.* (Larkin v. Robbins, 2 Wend. 505; Ressequie v. Brownson, 4 Cow. 341.) The judgment sought upon the award had nothing to do with this case, and the withdrawal of the papers pertaining to it can not be construed as an abandonment of any portion of the answer. I do not know that I understand the views that prompted the action of counsel in the trial of the case. The allegation of submission and award was neither replied nor demurred to; and the parties went to trial upon that portion of the answer alleging fraud in the procurement of the note. They seem to have lost sight of the award altogether; the answer is upon the record with no reply; and we are unadvised whether the parties intended to retain or abandon it, or why no further allusion was made to it. We will, however, examine it and see what kind of defense it makes.

We have seen that a submission may be made to work a dismissal of the suit. It is not necessary that there be an award, for the consent to arbitrate is in itself a selection of another tribunal and an agreement to transfer the cause to that tribunal, which agreement the court will carry into effect whenever it is properly brought to their notice. So far as its effect upon the

pending action is concerned, it is equivalent to an agreement, for a good consideration, to dismiss an action brought to recover a debt. But such submission alone can not be pleaded in bar. It is no answer to the merits until there is a good and binding award. It is by no means certain, because there is a submission, that an award will follow. The arbitrators may refuse to serve, or proceed so irregularly as to vitiate their action, or their authority may be revoked; and if the submission could be pleaded in bar, the claim would be lost without any trial upon the merits.

In the record before us this matter is not set up by way of abatement to procure a discontinuance of the suit. It is in the nature of a plea in bar to the merits—an answer setting up the award as a full defense against the claim. So that, this answer not being denied, if the award is a good one, it is a full defense, and a final judgment should have been given for the defendants. It is only necessary, then, to examine this part of the answer and see what kind of an award is pleaded. The submission seems to have been a good one, and, if properly brought before the court, would have procured a discontinuance of the suit. But the award, as set forth, is radically defective.

The answer states that the controversy was "submitted to Jas. L. Davis, Wm. B. Johnson, and Wm. L. Givens, as arbitrators," etc., and that afterward two of said arbitrators, Johnson and Givens, gave notice to the parties, proceeded to hear and examine the matters in controversy, made their award, signed the same, etc. No mention is made of Davis; but it affirmatively appears that only two of the parties met and heard the case. The absolute requirement of the statute, that "all the arbitrators must meet together and hear all the proofs and allegations of the parties," renders a less number absolutely incompetent to sit. This award, then, as set up in the answer, was no adjustment of the controversy, and the parties did well to disregard it. To the claim of the defendants in this court, that the submission itself abated the suit, and that the judgment should therefore be reversed, it may be further said that matter in abatement is, in general, waived by a plea and trial upon the merits. It would be unconscionable, in a case where the court has undisputed jurisdiction, to allow a

party, after having pleaded voluntarily, and gone to trial and been defeated upon the merits, to come in after judgment, and especially upon error, and say that the plaintiff had agreed to discontinue the suit.

We must, then, see whether any error has been committed upon the trial. The plea of fraud, upon which alone issue was joined, sets forth that the plaintiff and defendant Alice Lazalere were partners in selling goods; that plaintiff proposed to sell to her his interest in the firm; that he represented it to be worth over $3,000, when, in fact, it was worth but $1,800, which he well knew; that the plaintiff was the active member of the firm, and his partner had no charge of the business — was ignorant of its condition and of the nature of plaintiff's interest; that plaintiff declined to take an inventory, claiming that he had pressing business in Virginia which he must attend to, and could not remain for that purpose, when, in fact, he had no business calling him to Virginia; that defendant Alice was induced by these representations to agree to give for the interest of the plaintiff about the sum of $2,800, of which the note in controversy was a part; and that she has paid everything but this note, and has paid more than the actual value of the interest purchased. In reply, the plaintiff denies in detail all these allegations, and avers that his partner, Alice, was represented in the business of the firm and in the purchase of the plaintiff by her father as her agent; that he had carried on the business before the plaintiff became a member of the firm, and knew more about the goods than any one else.

Upon the trial the court gave the following instruction, at the instance of the plaintiff: "That the evidence in this cause, as to false and fraudulent representations charged in the answer, has failed to show such false and fraudulent representations as constitutes any defense in law to the note sued on."

Other instructions, right and wrong, were given and refused; but it is wholly unimportant to consider them. The only question necessary to consider is this action of the court in taking the case from the jury.

It is a principle well settled and always adhered to, that if there is any evidence tending to prove the issues of fact, the case must

go to the jury, although the legal effect of those facts is a question of law upon which instructions may be given. It seems to us there was some evidence having some tendency to prove the allegation of the defendant; and even though the court might be of opinion that the weight of that evidence was altogether insufficient, it had no right to say so. We are bound to treat this bill of exceptions as true, even though certified by the court to be untrue, and sustained by the affidavits of parties interested. The other party had a right to file counter-affidavits, but failed to do it; and it is before us unimpeached, and makes a case upon which the defendant is entitled to the opinion of the jury, under instructions as to what constituted fraud in law. The error is not in deciding what is fraud, but in assuming what is proved.

The judgment of the District Court reversing that of the Common Pleas is affirmed and the cause remanded. The other judges concur.