George Andrews, J.,
delivered the opinion of the Court.
Stephens instituted a suit in the Circuit Court of Bledsoe County, against Norwood and Finley, to recover damages for an alleged illegal arrest and imprisonment.
During the pendency of the suit, Norwood and Stephens entered into an agreement, which was reduced to writing, and signed by them, and entered of record upon the minutes of the court, by the terms of which they agreed to submit the cause to an arbitrament of their counsel, W. E. B. Jones and James G. Spears, who, failing to agree upon its merits, were authorized to call in some other gentleman of the legal profession, whose award should be final. They further agreed, that they would abide by and perform the award.
At the next term of the court, Norwood moved the Court to dismiss the suit as to him, upon the ground that the same had been discontinued as to him; and in support of this motion, read said agreement, after having proved the same.
The motion was overruled, and thereupon defendant Norwood. moved the Court for leave to file a plea, puis darrein continuance, setting forth the facts above stated; which was supported by affidavits, and was réfused by *3 the Court, and the cause ordered to stand ior trial at that term.
Thereupon, the plaintiff moved the Court for leave to revoke the said agreement, which motion was allowed; and the record then proceeds to recite: “And the agreement of Dec. 6th, 1866, was, by the plaintiff, revoked, and set aside in open court.”
It is stated in a bill of exceptions, made part of the record, that, during the pendency of the motion for leave to file said plea, and before the same and the affidavit in support thereof were read, the plaintiff made the application for leave to revoke the submission; and “the same was revoked — J. G. Spears refusing in open court to have anything to do with it.” Thereupon, on motion of the defendant, the cause was continued until the next term.
That a submission to arbitration of a cause pending in court, and the actual rendering of an award therein, will operate a discontinuance of the cause in court, unless it is also agreed that the award shall be made the judgment of the court, or that the jurisdiction of the court shall continue, has long been well settled in this State, and is not now disputed.
But whether a mere agreement to submit such a cause, not acted upon by either parties or arbitrators, shall have such effect, cannot be considered as settled in this State.
It was held by this Court, per Catron, J., in Elliott vs. Wilkinson, 8 Yerg., 411, that “the submission to an arbitration which was not gone into” could have no effect. This decision is made in very brief terms, and *4 without any reference to authorities; and does not carry with it the conviction -which a more careful examination of the question would have done.
The question again arose under a somewhat different phááe, in the case of Jewell m. Blankenship, 10 Yerg,, 439. In that case, the defendants pleaded puis darrein continuance; that the parties had submitted the matter iá dispute to five disinterested neighbors. The plea showed that there was no time limited in which an award was to be made. The plaintiff replied that the arbitrators had taken the case uhder consideration, and refused to decide it. The defendants demurred to the replication, and it was held by this Court that the replication was bad. The Court, in its opinion, says; “If parties having a suit in court, by their own voluntary act submit the action and cause of action to another tribunal, selected by themselves, and do not choose, by making their submission a rule of the Court, to continue its jurisdiction over the cajuée, and to subject the arbitrators and their action to tlie control of the court, the jurisdiction of the court hás been determined by their own voluntary act, and the cause will be discontinued.”
Thé case kSt cited does hot, however, decide the pie-sent question. In that ease, therO had been more than a iñére agreement to submit tbe cause to the decision Of the arbitrator The parties had performed their agreement to submit tbe cause to arbitratioh; and the arbitrators, as judges, selected by the parties, had assumed jurisdiction of the dase, and it was then actually pending before them* Their refusal to decide the cause, though it might hhve feéen & Violation Of'duty on ■ their *5 part, did not terminate their authority, or deprive them of jurisdiction to decide it. And the case was just as much withdrawn from the jurisdiction of the Circuit Court, while it was thus pending before them, as it would have been by an actual award.
But the mere selection of arbitrators, and an agreement t».:.wc°n the partus that the cause shall be nil> mittc-d to their decision, is a different matter. It is true, the tribunal has been selected by the parties; but it has as yet, no jurisdiction of their persons or of the cause; and it acquires no jurisdiction, until the cause has been actually placed before them for their decision. Either party may revoke their authority, or they may themselves refuse to act. They can do no act, and make no order in the cause, nor in any manner control or affect by any action that they may take, either the Cause or the parties.
The reason of the rule that a,submission to arbitration operates a discontinuance, is, that two different tribunals cannot, at the same time, have jurisdiction and Control of the cause, independently of each other: 9 Hum., 143.
It is difficult to see why the Court, where the action is pending, should lose its jurisdiction of the cause, until some other tribunal has acquired jurisdicivu; and it is certain that the arbitrators have acquired no jurisdiction until the cause has been brought before them for decision. By their selection and appointment by the parties, they have conferred upon them power to decide the cause when it shall be brought before them for that purpose; but until the cause is so brought befóte them, *6 they occupy the same position as does any other tribunal which may have authority to try a particular class of cases, but has no jurisdiction to try any particular cause until it is brought into the court.
If the parties have, by their own voluntary act, conferred active jurisdiction of the cause upon another tribunal, that would be sufficient reason why the Court should refuse longer to entertain jurisdiction of it. But it is difficult to see why the Court should have the right to refuse to entertain the cau.se merely because the parties have agreed that at some future time they will give jurisdiction of the cause to another tribunal, when that agreement may be revoked by either party at its pleasure; and it is purely a matter of individual discretion with the members of the tribunal so selected, whether they will ever assume jurisdiction of the cause, even if the parties insist upon it.
If an agreement to arbitrate, made pending the suit, operate as a discontinuance of the action, it, of course, would follow that an agreement to arbitrate, made before suit brought, would defeat the action. It has been held that an arbitration actually pending and undecided before the arbitrators, may be pleaded in abatement of a suit brought while it is thus pending. But I can find no authority for holding that a mere agreement, not yet acted upon, to submit a matter to arbitration, shall defeat a subsequent action for the same matter.
An express stipulation or covenant in a contract, that all disputes in relation to the matter of the contract shall be referred to arbitration, will not oust the courts of jurisdiction; though it has been held that an *7 express stipulation in such a contract, that no suit shall be brought until the amount of damages shall be ascertained by arbitration, is in the nature of a condition precedent, which must be performed before action brought: 1 Dan. Ch. Pr., 694; 2 Pars, on Contr., 5th ed., 707.
It is well settled in the State of New York, that an agreement to arbitrate shall operate as a discontinuance of a pending suit: Larkin vs. Robbins, 2 Wend., 505. In other States the decisions would appear, so far as I can now ascertain in the absence of better authorities than the Digests, to be conflicting, with a preponderance against the New York doctrine.
All the cases cited to this point, by Mr. Bouvier, (Law Diet., title, Submission,) which are accessible to the Court at present, are cases in which there appears to have been an actual presentation of the cause before the arbitrators, and action by or before them thereon, except the case in 2 Hum., 516, in which it was held that the rule to arbitrate was not a discontinuance, because it was expressly stipulated that the award should be made the judgment of the court.
At common law, the effect of- an agreement to arbitrate the matter in litigation is no more than to entitle the parties to a stay of proceedings in the suit: 2 Tidd. Pr., 822; 1 Steph. Nisi Prius, 39-40; Cald. on Arb., 45; Ky.d on Awards, 26. This is, I think, the true doctrine. A party should not be forced to go to trial in the court when the action is pending, if it is made to appear to the court that an agreement has been made, and is still in force, that the cause shall be settled before arbitrators; since otherwise, such agreements might be *8 made a snare for parties. But this is. quite a different thing from holding such an agreement to operate as a total discontinuance of the suit.
In the present case, the conclusion is, that the Circuit Court properly overruled the motion to discontinue the cause. And as the plea offered by the defendant showed no valid ground of abatement or defense, there was no error in not permitting it to be filed.
There being no other error complained of in the record, the judgment of the Circuit Court will be affirmed.