Deaderick, J.,
delivered the opinion of the Court.
The question raised in the record in this cause, is, whether the submission of the matters in controversy between parties, in a cause pending in court, to arbitration, without providing that the award shall be made the judgment of the court, operates a discontinuance of the cause. Such was the charge of his Honor, the Circuit Judge, before whom the cause was tried; and upon that charge the jury found in favor of the defendant, and the plaintiffs bring the cause here by appeal, in the nature *416 of a 'writ of error, for the purpose of reversing the judgment of the court below.
Numerous authorities have been cited to sustain the charge of the Circuit Judge, and we have examined other authorities besides those cited, and so far as we have had access to the decisions of our own and other courts, with the single exception of the case referred to by the counsel for plaintiffs, they are uniform in holding that the submission to arbitration, is the act of the parties which ousts the court in which the cause may be pending, of its jurisdiction, and works a discontinuance.
In none of them is it held, that it is necessary to this end, that the arbitrators should take any steps in the case, except in the case referred to by plaintiffs counsel, of Norwood v. Stevens, decided at the last term of this Court; and that opinion was dissented from by one of the three Judges then presiding.
Upon a careful examination of the two conflicting opinions, we are satisfied that the weight of authority and reason, is in favor of the dissenting opinion. See 10 Yerg., 439; 2 Hum., 516; 6 Hum., 29; 9 Hum., 142; 1 Cold., 256; 2 Wend., 505. In the case in 9 Hum., the Court say: “The legal consequence of discontinuance does not at all depend upon the validity of the submission, as between the parties to the suit, nor upon the validity of the award, but upon the simple fact that the parties by their own voluntary act, have withdrawn the cause from the jurisdiction of the Court in -which it was pending, and submitted it to another tribunal of their own selection.
The other cases referred to fully sustain the proposition, that it is the voluntary act of the parties in sub- *417 milting their cause to another tribunal, that operates to discontinue it.
The counsel for plaintiffs also insists that the plea puis darrein continuance, is a waiver of all former pleas, and that the defendant should have been held liable for all costs accrued up to the time of the filing of his last plea.
Such would have been the effect at common law, but by the provisions of the Code, 2892, “Either party may, on good cause shown, and by leave of the Court, make a supplemental . pleading, alleging any material facts which have happened, or have come to his knowledge since the filing of his former pleadings, nor shall such new pleading on the part of the defendant be considered a waiver of former defenses.”
Ve are therefore of opinion, that there is no error in the judgment of the Court below, and affirm it.