## BALDWIN v. BARRETT.

*Arbitration — when submission to, extinguishes judgment.*

After a judgment in the justice's court, and an appeal therefrom, the parties submitted the matter in controversy to arbitration. *Held,* that the submission extinguished the judgment and waived the appeal, and this was not affected by the fact that nothing was done under the arbitration.

APPEAL by plaintiff from an order of the Putnam county court directing a return by the sheriff of an execution, and staying all proceedings upon a judgment.

The action was brought in a justice's court by Henry S. Baldwin against Lawrence Barrett, to recover damages for fraud in an exchange of horses and the purchase of a cow. Plaintiff obtained judgment for $135, and costs. An appeal was taken to the county court by defendant, but no undertaking was given. After the appeal, a transcript was filed and the judgment docketed in the Putnam county clerk's office. An agreement under seal was subsequently made between the parties to submit the matter in suit and other matters to an arbitration by two persons named in the

Baldwin v. Barrett.

agreement, and such third person as those two should select, but no further step was taken under this agreement. After this, upon motion of plaintiff, the appeal to the county court was dismissed, and plaintiff issued the above-mentioned execution upon the judgment.

*Wm. R. Baldwin* and *James M. Ball*, for appellant.

*C. Frost*, for respondent.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

GILBERT, J. The necessary effect of the submission was to extinguish the judgment, and to waive the appeal. It related to the same subject-matter, and provided for the entry of a judgment in the Supreme Court upon the award. The parties to it had by it secured a re-trial of the controversy between them. If it had been made pending the suit in which the judgment was recovered, it is conceded that its effect would have been to discontinue the suit, and such, no doubt, is the rule of law. The reason is, that parties have selected another tribunal for the trial of the case. *Larkin* v. *Robbins*, 2 Wend. 505. The same reason applies after judgment as well as before, unless it be agreed that the judgment shall remain as security or for some other collateral purpose. The submission shows the intention of the parties to abandon the litigation in court, and to resort to another method of determining the controversy between them. This necessarily implies a mutual abandonment of all previous proceedings. To use the language of BEARDSLEY, J., in *Van Slyke* v. *Lettice*, 6 Hill, 610, "the parties intended to blot out the suit, from its commencement before the justice to the appeal to the county court." See also *Grosvenor* v. *Hunt*, 11 How. 355; *Miller* v. *Van Anken*, 1 Wend. 516.

The fact that the submission has not been acted on does not alter its legal effect upon the judgment and the appeal. *Larkin* v. *Robbins, supra.*

The order of the county court is right, and should be affirmed.

BARNARD, P. J., dissenting. This case does not come under any case cited by respondent. The plaintiff obtained a judgment for over $100 before a justice. The defendant appealed and gave no

undertaking. This appeal was not regular and was dismissed for that reason. The judgment before the justice remained in full force. The agreement to arbitrate was conditional upon its execution by the 1st of December, 1866. The arbitrators never met. No reference is made, in the agreement to arbitrate, to the judgment. I do not think it is paid. The plaintiff ought to have the right to enforce it. The order should be reversed.

*Order affirmed.*