JAMES McNULTY, Appellant, v. JOHN B. SOLLEY, Respondent.

*Arbitration — a submission to arbitration effects a discontinuance of the action.*

During the pendency of this action the parties thereto signed a written agreement by which they agreed to leave all their differences to three arbitrators therein named, and that their decision should be final. The agreement was not acknowledged but was signed by the parties and three witnesses.

*Held*, that the agreement, operated as a discontinuance of the action, and that the fact that one of the arbitrators refused to act and that one of the parties refused to appear before the arbitrators, did not prevent it from having that effect.

APPEAL from an order directing a discontinuance of this action.

*James M. Smith*, for the appellant.

*A. Cardozo*, for the respondent.

BRADY, J.:

This is an action of slander, and appears to have been once tried and once partially tried. The complaint was once dismissed, and upon the subsequent investigation and before it was concluded, a juror was permitted to be withdrawn on account of the illness of the counsel for the plaintiff. Subsequently the parties signed a paper as follows:

"We, the undersigned, hereby agree to leave our differences to the above named parties, Shether, Connett and Silverman, as arbitrators, whose decision shall be final.

(Signed)  JAS. McNULTY.
       JOHN B. SOLLEY.

"The within document was signed in our presence.

(Signed)  J. D. F. HERSEY.
       N. B. DAY.
       FRANK A. ELLIS."

In May, 1883, the plaintiff was directed to show cause why an order should not be made declaring the action discontinued, and why such other or further order or relief should not be made in the premises.

The facts already stated as characterizing the litigation, are set out in the affidavit of the plaintiff. It was admitted by him that on the 27th of April, 1883, he and the defendant met for the peaceful settlement of certain differences, at which meeting the witnesses whose names are subscribed to the agreement of arbitration, were present and formed themselves into a committee. It was then suggested and advised that the paper already mentioned should be signed. The plaintiff averred that since the signing of the paper no action whatever had been taken by either of the persons named in the paper, they having been selected without their knowledge or previous consent, and that one of them, Mr. Shether, declared he would not act; and he further alleged that he was ready and willing to comply with the terms of the agreement. · And the plaintiff also presented for the consideration of the court an affidavit showing that a person called upon the defendant asking him to name a time when he would meet the committee, and substantially that he had failed to do so. This was denied by the defendant, who said that what he did say was that he could not attend upon the days named because of his business, but further, that if he could attend on one of the days named, he would send word.

The submission to arbitration was therefore admitted. It is supposed by the appellant that the willingness of all the parties to act is an implied condition precedent to the taking effect of the agreement, and that the refusal of the arbitrators to act leaves the parties in *statu quo;* and further, that the agreement is defective, as a binding agreement, because it was not acknowledged as required by the Code. Both of these propositions are valueless. Whatever may be the effect of the refusal of the arbitrators to act in an arbitration where there is no pending action at law, and whatever may be the effects of the provisions of the Code upon an arbitration made with reference to them, these effects do not control the question presented by this appeal.

The provisions of the Code, however (sec. 2366), evidently contemplate a submission to arbitration of any controversy existing between persons at the time of the submission, which might be the subject of an action. The cases bearing upon the question of the effect of a submission to arbitration of differences when an action is pending, have not declared that any particular form of acknowledg-

ment is indispensable. It is enough that the parties have in writing agreed to a submission to arbitrators. In this case such an agreement is admitted to have been made. The effect of such an instrument has been declared in a number of adjudicated cases. It is to discontinue the action. And this seems to be the effect, even if the submission was void. (*Keep* v. *Keep*, 17 Hun, 152, where the cases are collated; see, also, *Barrett* v. *Western*, 66 Barb., 205.)

Justice MARCY, in *Larkin* v. *Robbins* (2 Wend., 505), said that the general position is that a submission of a cause pending in court is a discontinuance of the suit, that the reason the submission operates as a discontinuance is not because the subject of the suit is otherwise disposed of than by the decision of the court in which it was prosecuted, but because the parties have selected another tribunal for the trial of it. And again: "The distinction that the plaintiff in error makes between a submission never acted on by the arbitrators, and one which has been followed by an award or hearing by the arbitrators, does not appear to have been recognized by the court, nor do I see any good reason for making such distinction. * * * It is this agreement which withdraws the cause from the court and effects the discontinuance of the action." And it was also said by the learned justice that the point evidently, for the consideration of the court, was whether the mere submission of a cause to arbitration, the arbitrators never taking, or consenting to take, upon themselves the burden of the submission, operated as a discontinuance of the suit pending in court. As justly observed by the counsel for the respondent, the refusal or omission of either party to attend before the arbitrators would not alter the consent, inasmuch as upon proper notice the arbitrators could proceed in the absence of the defaulting party. It thus appears that upon the cases bearing on the subject the mere submission to arbitration operates as a discontinuance of the action, and the order appealed from could not be reversed without, in effect, reversing these decisions.

It follows that the order should be affirmed.

Order affirmed.