FRED E. THOMPSON, Appellant, v. TURNEY BROS., Respondents.

Kansas City Court of Appeals, November 6 and December 4, 1905.

ARBITRATION AND AWARD:. Pending Action: Dismissal. An agreement to submit a pending cause to arbitration has the effect to discontinue the cause and the same may be dismissed though the arbitration fail.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*James H. Hull* and *E. C. Hall* for appellant.

(1) The motion to dismiss on account of alleged submission to arbitrate should have been overruled: First, because there was no submission; second, no arbitrators were chosen and no tribunal constituted; third, one arbitrator, appointed by defendant was interested and incompetent; fourth, the whole controversy was not attempted to be submitted.

*Wilson & Wilson* and *W. H. Haynes* for respondents.

The effect of the agreement to arbitrate discontinued the cause pending in the circuit court, simultaneously with its signing. It divested the circuit court of jurisdiction and vested jurisdiction in another tribunal agreed on by the parties. Bowen v. Lazalere, 44 Mo. 383; Johnson v. Ins. Co., 69 Mo. App. 231; Hyatt v. Wolfe, 22 Mo. App. 201; Larkin v. Robbins, 2 Wend. 505; Rusequi v. Brownson, 4 Cow. 341.

BROADDUS, P. J.—While this suit was pending in the circuit court, the respective parties, on the 17th day of June, 1903, entered into a written agreement to arbitrate the matter in dispute. It was agreed that plaintiff was to select one of the arbitrators, the defendants one, and the two thus selected should select the third one. The date for the arbitration was fixed for the 27th day of the same month. It was a part of the agreement that the cost of the arbitration and also the cost of the suit should abide the result of arbitration. The defendants selected one S. S. Stone as their arbitrator and the plaintiff selected I. P. Hopkins for his arbitrator. The parties failed to carry out their agreement to arbitrate, for the reason that the defendants' arbitrator, Stone, was then bondsman in the suit, the same having been brought to the circuit court by writ of certiorari from a justice's court. On the 7th day of August, 1903, the parties to the cause appeared in the circuit court, which, after having heard the evidence relating to the failure of the parties to arbitrate, dismissed the suit because of said agreement to arbitrate. It was the opinion of the learned judge that the great weight of authority was that the agreement under the facts did not operate as a discontinuance of the cause, but that the decisions of the appellate courts of the State were to the contrary and that he was bound to follow

them, notwithstanding his own opinion of the law. Therefore, the sole question in the case is whether the action of the court in dismissing the action can be upheld. The court predicated its action on the following cases: Bowen v. Lazalere, 44 Mo. 383; Johnson v. Insurance Company, 69 Mo. App. 231; Hyatt v. Wolfe, 22 Mo. App. 201.

In the first of these cases, the court used the following language: "When the parties agreed to submit the matter in controversy to arbitration, they thereby agreed that the suit be discontinued. Another tribunal was selected; and, if the plaintiff did not voluntarily dismiss his case, the defendant could compel him to do so by motion setting up the submission, or by answer in the nature of a plea in abatement *puis darien.*" We further quote from the opinion, viz.: "We have seen that a submission may be made to work a dismissal of the suit. It is not necessary that there be an award, for the consent to arbitrate is in itself a selection of another tribunal and an agreement to transfer the cause to that tribunal, which agreement the courts will carry into effect whenever it is properly brought to their notice. So far as its effect upon the pending action is concerned, it is equivalent to an agreement for a good consideration to dismiss an action to recover a debt. But such submission cannot alone be pleaded in bar. It is no answer to the merits until there is a good and binding award. It is by no means certain, because there is a submission that an award will follow. The arbitrators may refuse to serve, or proceed so irregularly as to vitiate their action or their authority may be revoked; and if the submission could be pleaded in bar, the claim would be lost without any trial upon the merits." Upon examination of the case cited, it will be found that the question did not arise in a cause that had been submitted to arbitration, but the question was raised by defendants that the matters in dispute had been by agreement submitted to arbitration, the court holding that, in such cases, a mere

agreement to arbitrate would not operate as a bar to the merits of the action, but that there must have been in fact an arbitration and an award.

The second case incidently states that the effect of an agreement to arbitrate would have been to discontinue the action, but none was entered into. The court cited the case of Bowen v. Lazalere, supra. In Hyatt v. Wolfe, the court holds to the same effect. It is insisted by appellant that a mere agreement by the parties to a suit to refer the matters in controversy to arbitrators, discontinues the cause, is against the great weight of authority. This contention we believe to be true, but, as we are bound by the decision of the Supreme Court in Bowen v. Lazalere, supra, a discussion of such authorities can serve no good purpose.

Affirmed. All concur.