WILLIAM HOMER FERRELL v. JENNIE
FERRELL et al., Appellants.

**Division One, December 6, 1913.**

1. **CONTRACTS: Construction: Partition of Lands: Arbitration: Specific Performance.** An agreement to meet in the future and partition lands, or, in the event of failure so to partition, to select three disinterested men to "act as arbitrators and appraise the value of each acre," is not a contract of partition, nor is it, in the alternative, a contract to submit the partition of the land to arbitration, and it is not an agreement of which specific performance can be enforced.

2. ――――――: Agreement to Name Arbitrators: Cannot be Specifically Enforced. An agreement to name arbitrators cannot be specifically enforced.

3. **ACTIONS: Submission to Arbitration: Works Dismissal When.** Even though it be granted that the submission to arbitration of the subject-matter of a pending suit "may be made to work a dismissal of the suit," yet the dismissal can only be enforced by a plea in abatement exhibited *puis darrein continuance* and it can have no application where, as in the case at bar, there was (1) no suit pending when the agreement was made; (2) no "tribunal" was constituted for the settlement of the controversy; and (3) the defendants, instead of exercising their right to have the suit dismissed, asked by their plea that it proceed so that they might be granted affirmative relief.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*Charles C. Crow* for appellants.

The contract entered into and referred to in this case is clearly a contract for the conveyance of real estate, that is for the parties to divide the real estate

in which they all had an interest in common, and to execute deeds to each other for a division of same, conveying all their undivided interest in the parcels assigned to each person and as the contract is fair, just and reasonable and the appellants at all times being willing to carry out and perform their part, the other parties to the suit should be required to perform. Kirkpatrick v. Pease, 202 Mo. 493. Contracts for the division of real estate owned in common have been recognized by all the courts where the question has been presented. 30 Cyc. 154. It is clear from a reading of the testimony of Mrs. Ferrell, together with the fact that suit for partition was instituted on August 7, after the parties had agreed to meet and divide the real estate, that the parties to the contract other than appellants were not in good faith, attempting to carry out and perform the terms of the contract signed by them. Mrs. Ferrell claims that commissioners were agreed upon before they entered into a contract specifically providing that the commissioners or arbitrators should not be agreed upon until after the meeting on the first day of August, and she claims to have had this oral agreement with Ettie Finney and Effie Finney before the contract was signed and executed by all the parties, so that even if it was true that such an agreement was had, it was merged in the written agreement which evidenced the only agreement between the parties. This is a contract entered into in good faith by the appellants with respondent and we cannot express ourselves upon the conditions shown by this record as forcibly and eloquently as our position is expressed by Judge LAMM in the Kirkpatrick case, supra, and especially on page 494. In good conscience this contract should be specifically performed by respondents and we respectfully ask the court to reverse this case with instructions to enter a decree requiring the specific performance of the contract between the parties.

*C. C. Ferrell* and *Charles H. Mayer* for respondent.

(1) Inasmuch as the appellants have not incorporated in their bill of exceptions the contract as offered in evidence this court will not say that the lower court committed error in sustaining respondent's objection to the introduction of the contract. (2) The court committed no error in holding that it could not enforce specific performance of the alleged agreement, and that therefore said alleged agreement was no defense to this suit. Strohmaier v. Zeppenfeld, 3 Mo. App. 429; King v. Howard, 27 Mo. 21; Hug, Admx., v. Van Burkleo, 58 Mo. 202; Biddle v. Ramsay, 52 Mo. 153; St. Louis v. Gas Light Co., 70 Mo. 69; Bales v. Gilbert, 84 Mo. App. 679. The court did all it could do toward doing what both appellants and respondent wanted done; that is, appointed three commissioners to make partition of the land, and that the judgment should be affirmed.

BROWN, C.—Suit was brought to the September term, 1909, of the Buchanan Circuit Court. The plaintiff is the only son of A. J. Ferrell, deceased. The defendants are Jennie Ferrell, his widow, and Ettie Finney, Effie Finney, Lora Brownell and Nola Ferrell, his only daughters, the plaintiff and defendants being his only heirs. The suit is to partition about five hundred acres of land in Buchanan county of which he died seized.

The defendants Ettie and Effie Finney filed a joint answer in which was pleaded as the only defense a contract signed by all the parties to this suit, which, omitting signatures, is of the following tenor:

"This agreement made and entered into by and between Mrs. Jennie Ferrell, Mrs. Ettie Finney, Mrs Effie Finney, Mrs. Lora Brownell, Homer Ferrell, and Nola Ferrell, the heirs of A. J. Ferrell, deceased, witnesseth:

"Whereas, the said A. J. Ferrell died January 12, 1909, leaving certain valuable real estate and personal property

"And whereas, each of the undersigned are one of the heirs of said A. J. Ferrell, being entitled each to one-sixth (1-6) of said estate of A. J. Ferrell.

"And whereas, each of said heirs are desirous of settling and dividing said estate without probating the same and without a partition suit or litigation.

"Now, then, it is hereby agreed by and between each of the parties hereto.

"First: All of the personal property is to be given to Mrs. Jennie Ferrell absolutely, except the money in the bank; Mrs. Jennie Ferrell is then directed by each of us to purchase a suitable monument and cause the same to be erected at the grave of said A. J. Ferrell, and pay for the same out of the money now in the bank and balance of money left in bank is to be divided into six (6) equal parts and one-sixth (1-6) is to be given to each of the undersigned.

"Second: Mrs. Jennie Ferrell is by us directed to collect all the rents, profits, or emoluments due said estate, or that may become due and to promptly divide the same into six (6) equal parts and give to the each of the undersigned one-sixth (1-6) less all expenses incurred by her in collecting the same.

"Third: Each of the undersigned agrees to meet at the home of the A. J. Ferrell homestead on the first Monday in August, 1909, and divide and partition said real estate into six equitable parts according to the value of each acre thereof, each of the undersigned to receive a quitclaim deed to one-sixth of said real estate from the other five. In case of the failure of the undersigned to agree on an equitable partition and division of the real estate, then they are to select three disinterested men who shall act as arbitrators and ap-

praise the value of each acre, and we then agree to abide by the decision of the arbitrators.

"Fourth: In the partition or division of said real estate as hereinbefore agreed on, the share to be allotted to Mrs. Jennie Ferrell and Homer Ferrell is to be selected out of the A. J. Ferrell homestead.

"Fifth: · The windmill now up opposite the A. J. Ferrell homestead is to be the property of Mrs. Jennie Ferrell, and the water right, and privilege of maintaining said windmill at the same place where it now stands, and pumping water from the A. J. Ferrell homestead is to remain inviolate to Mrs. Ferrell. ·

"Witness our hands this 26th day of January, 1909, at the Buchanan county, Missouri."

This joint answer states that while the answering defendants were at all times ready and willing to carry out the terms of the agreement, all the other parties failed and refused to do so, and prays a decree of specific performance of the contract, or that defendants be held harmless from the payment of costs, and for a receiver. The court found the facts as stated in the answer, and concluded, as a matter of law, as follows:

"The court finds that if said agreement is properly admissible in evidence it is no defense to this action.

"The court further rules that said agreement was not competent evidence in this cause, and sustains the objection made to it when offered in evidence."

It also found that the six parties were each entitled to an undivided one-sixth interest in all the land and decreed that partition be made accordingly, appointing commissioners for that purpose. The appeal is taken from this interlocutory decree.

## OPINION.

The record presents no other question than such as relate to the effect of the contract we have quoted, as a defense to the cause of action stated in the petition, and as a ground for affirmative equitable relief. The respondent, to be sure, questions whether the contract is preserved in the bill of exceptions, but it is unnecessary to discuss the point, for it is copied in the answer, and, in the state of the pleadings shown by the record before us, stands admitted. In short, the points upon which the parties rely are fully presented upon the face of the pleadings. It is not contended that the suit should abate by reason of the contract. No plea in the nature of a plea in abatement is interposed. On the contrary, the answer is framed upon the theory that the suit be continued for the purpose of enforcing against the respondent and the defendants who stand with him, its specific performance according to its terms; so that the first question which thrusts itself upon us is whether this is such a contract that its performance will be specifically enforced by the court. It provides, in substance, that the estate shall be divided into six equal parts, one to be given to each of the parties; that they are all to meet at the family homestead, occupied by the mother, on the first Monday in August, 1909, "and divide and partition said real estate into six equitable parts, according to the value of each acre thereof, each of the undersigned to receive a quitclaim deed to one-sixth of said real estate from the other five." If they failed to agree, they were to select three disinterested men "who shall act as arbitrators and appraise the value of each acre;" and the parties agreed to abide their decision. It will be observed that they did not agree on any division of the real estate—they only agreed that they would meet at a time more than six months distant for that pur-

*Contracts: Specific Performance: Partition: Arbitration.*

pose, and if they should fail, they would then select three arbitrators—not for the purpose or with power to divide the land between them, nor to indicate what part of it each or any one of them should have, but to "appraise the value of each acre." While the knowledge of this value might be of great advantage to the parties or others charged with the division of the land, its ascertainment would fall short of being a partition. The contract, then, is not a contract to partition the lands, but to try to arrive at such an agreement in the future; and pointing out an alternative course should they fail. This alternative is not a contract to submit the partition of the land to arbitration, but to submit to arbitrators to be chosen the value of each particular acre. This information might be of great assistance to the parties in a future amicable partition of the land, but this particular manner of obtaining it is not so indispensable and exclusive that equity will compel its manufacture and production. It enforces the specific performance of contracts already made, but will neither compel the parties to make them nor any part of them; nor will it make them for the parties.

Should we add all the requisites necessary to make the writing in question a full-fledged contract to submit the partition of the land to arbitration, and to appoint arbitrators for that purpose, we would be no nearer to a happy solution.

Nothing is better settled than that an agreement to name arbitrators cannot be specifically enforced, and this is the particular remedy the appellants have elected to invoke. The authorities on this subject are collected and examined by this court in City of St. Louis v. St. Louis Gaslight Company, 70 Mo. 69, 102 et seq. [See also Bales v. Gilbert, 84 Mo. App. 675, 679.] In Bowen v. Lazalere, 44 Mo. 383, it was said that the submission to arbitration of the sub-

ject-matter of a pending suit "may be made to work a dismissal of the suit," and this has been held in other jurisdictions, although against the great weight of authorities. [Thompson v. Turney, 114 Mo. App. 697.] It is placed upon the ground that by the submission the parties have selected another tribunal in which to try their difference, and thereby agreed that the suit be discontinued; but, as is held in the case cited, the dismissal can only be enforced by a plea in the nature of a plea in abatement exhibited *puis darrein continuance* and cannot be pleaded in bar until after a binding award. It can have no application to such a case as this because (1) there was no suit pending at the time the agreement was made; (2) no "tribunal" was constituted for the settlement of the controversy, that part of arrangement being left open for future action; (3) the appellants, instead of exercising their right to have the suit dismissed, asked, by their plea, that it proceed so that they might be granted affirmative relief. Each of these constitutes a complete answer to the suggestion that the case should have been dismissed.

<div style="margin-left:2em">Submission to Arbitration:<br>Works<br>Dismissal<br>When.</div>

On the other hand, if this contract is a submission to arbitration it is a statutory one under section 4822, Revised Statutes 1899, which prescribes the time and terms upon which it might be revoked, and it was revoked by the bringing of this suit. [*Id.*, sec. 4845.]

The judgment of the circuit court is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.